S.1.

RECEIPT NUMBER
509594

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Oak Point Investments, Inc.,

      Plaintiff,

vs.

May, Davis Group, Inc., and
Owen May, jointly and severally,

      Defendants.

_____/

```
JUDGE : Edmunds, Nancy G.
DECK  : S. Division Civil Deck
DATE  : 06/23/2004 @ 14:48:56
CASE NUMBER : 2:04CV72330
CMP OAK POINT INVEST INC V MAY
DAVIS GRP INC ET AL (DQH)
```

MAGISTRATE JUDGE R. STEVEN WHALEN

FITZGERALD & DAKMAK, P.C.
GERALD F. FITZGERALD, JR. (P13490)
Atty. for Plaintiff
615 Griswold, Ste. 600 Ford Bldg.
Detroit, MI  48226
313-964-0800/964-0581

_____/

U.S. DISTRICT COURT CLERK
EAST. DIST. MICH.
DETROIT-PSG

'04 JUN 23 P2:51

FILED

## COMPLAINT

There is no other civil action between these
parties arising out of the same transaction or
occurrence as alleged in this Complaint pending
in this Court, nor has any such action been
previously filed and dismissed or transferred
after having been assigned to a judge, nor do I
know of any other civil action not between these
parties arising out of the same transaction or
occurrence as alleged in this Complaint that is
either pending or was previously filed and
dismissed, transferred, or otherwise disposed of
after having been assigned to a judge in this
Court

**NOW COMES** Oak Point Investments, Inc. ("Oak Point"), by and

through its attorneys, Fitzgerald & Dakmak, P.C., states as follows:

1.      Oak Point is a Michigan corporation with its principal place of business in Southfield, Michigan.

2.      May, Davis Group, Inc. ("May Davis Group") is a Delaware corporation with its principal place of business located at 14 Wall Street, Ste. 1615, New York, New York 10005-2136.

3.      Owen May is a resident of the State of New Jersey and resides at 430 Next Day Hill Drive, Englewood, New Jersey 07631-1924.

4.      That this Court has personal jurisdiction over the aforementioned Defendants pursuant to MCL 600.705 as incorporated through FRCP 4(k)(1)(A).

5.      That this Court has subject matter jurisdiction over this matter pursuant to 28 USC §1332.

6.      That venue is proper in this Court pursuant to 28 USC §1391(a)(2).

## COUNT I: ACTION ON PROMISSORY NOTE

7.      Plaintiff reincorporates by reference paragraphs 1 through 6 above.

8.      On or about January 5, 1998, the May Davis Group and Owen May executed a Promissory Note and Promissory Agreement in which they promised to pay $1,000,000.00 to Oak Point, together with interest at the rate of 8% per year to be due and payable on December 31, 2002.  See attached **ExhibitA**.

2

9.      Owen May executed the Promissory Note, on behalf of himself personally and May Davis Group and delivered the Promissory Note to the Plaintiff for value.

10.     Owen May executed the Promissory Note, and in doing so waived presentment, demand and notice to Owen May and to May Davis Group, Inc.

11.     That the Plaintiff still owns and holds the Promissory Note, and upon information and belief there remains unpaid a principal balance of $429,123.37, as $570,876.63 of the principal has been repaid.

12.     That upon information and belief, the Plaintiff has not received any payments of principal or interest since September 2001.

13.     That upon information and belief, the Defendants defaulted upon the Promissory Note on October 5, 2001.

14.     That pursuant to the terms of the Promissory Note, in the event of default, the Defendants are liable for the attorney's fees that the Plaintiff incurs in collecting upon the Promissory Note.

15.     That pursuant to the terms of the Promissory Note, in the event of default, the default rate of interest increases to ten (10%) percent.

16.     That pursuant to the terms of the Promissory Note, interest has been accruing at 10% since October 5, 2001. Therefore, as of June 5, 2004, upon information and belief, the total amount of principal and interest due on the Promissory Note was $558,182.23.

3

17.    That despite demand, the Defendants have failed to repay the amount owing on this Promissory Note.  See attached **Exhibit B**.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter a Judgment in favor of Oak Point against Owen May and May Davis Group, jointly and severally, in the amount of $558,182.23 plus interest from June 5, 2004, at the rate of ten percent, in addition to costs and attorney fees that the Plaintiff is contractually entitled to.

Respectfully submitted,

FITZGERALD & DAKMAK, P.C.

By:    _____
Gerald F. Fitzgerald (P13490)
Atty. for Plaintiff
615 Griswold, Ste. 600 Ford Bldg.
Detroit, MI  48226
(313) 964-0800/964-0581

Date:  June 8, 2004

4

## Promissory Note

$1,000,000

FOR VALUE RECEIVED, the May Davis Group (the "Maker"), having an address at 1 World Trade Center, Suite 8735, New York, New York 10048, promises to pay to the order of Oak Point Investments, Inc., a corporation with its principal place of business at 15700 W. Ten Mile Road, Suite 111, Southfield, MI 48075 ("Payee") or such other place as designated by the Payee, the sum of $1,000,000 together with interest at the rate of 8.0% per annum to be due and payable on December 31, 2002.

All computations of interest under this Note shall be made on the basis of a year of 360 days for the actual number of days (including the first day but excluding the last day) occurring in the period for which such interest is payable.

The Maker has the right to prepay this Note without premium or penalty, in whole or part at any time after the date hereof. Each and every payment on this Note shall be credited first to interest to that date on the term remaining principal amount, and the remainder to principal.

Whenever any payment to be made hereunder shall be stated to be due on a Saturday, Sunday or a public or bank holiday or the equivalent for banks generally under the laws of the State of New York (any other day being a "Business Day"), such payment may be made on the next succeeding Business Day, and such extension of time shall in such case be included in the computation of payment of interest.

The Maker shall be in default if the Maker fails to make any payment pursuant to the terms of this Note. In the event of default by the Maker, Payee may declare the principal of and all accrued interest on this Note due and payable without presentment, demand, protest, or other notice, all of which are expressly waived, and shall have all the other rights, privileges, powers and remedies provided to creditors by law. In such event, the Makers become liable for the entire principal and interest due on the Note and such further amount as shall be sufficient to cover the cost of collection, including but not limited to reasonable attorney's fees. If Maker is in default under this Note interest shall accrue at the rate of 10% from the date of default.

A waiver of any provision of this Note shall be in writing, shall apply to the particular instance or instances and at the particular time or times only, and shall not be deemed to be a continuing waiver.

If this Note shall be placed in an attorney's hands for collection, or collected by a suit or through a bankruptcy or probate, or any other Court, either before or after maturity, there shall be paid to the holder of this Note, reasonable attorney's fees, costs, and other expenses incurred by the holder in enforcing the terms of this Note.



PLAINTIFF'S
EXHIBIT
A

Jan-08-98 06:03P may davis group          w        4109628776              P.04.

The Maker shall promptly correct, or cause to be corrected any defect or error that may be discovered in this Note or in the execution, acknowledgements or recordation thereof and execute, acknowledge and deliver, and record and re-record, file and re-file, and register and re-register, any and all such further acts, deeds, conveyances, mortgages, deeds of trust, trust deeds, assignments, estoppel certificates, financing statements and continuations thereof, notices of assignments, transfers, certificates, assurance and other instruments as the Purchaser may require from time to time in order to carry out more effectively the purposes of this Note.

This Note shall be governed by, and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the undersigned has caused this note to be signed on the day and year first above written.

_____
Owen May

# PROMISSORY AGREEMENT

In consideration of the sum of $1,000,000.00 which is a loan the Oak Point Investment Inc.(lender) is providing the May Davis Group Inc. May Davis agrees to pay the sum of $8,000.00 on or before the 5th of the month starting on February 1, 1998. Subsequent payments will be made monthly on or before the 5th of that month. The loan will be repaid as a one year note with a five year amortization (see attached).May Davis guarantees a minimal annual principal payment of $200,000.00 May Davis will repay the principal amount on or before December 31, 2002. May Davis may repay the principal amount of this loan at any time prior to the due date.

_____
(Lender)

_____
May Davis Group Inc.

OWEN MAY

LAW OFFICES
# FITZGERALD & DAKMAK, P.C.

615 GRISWOLD, SUITE 600
DETROIT, MICHIGAN 48226

(313) 964-0800
FAX (313) 964-0581

GERALD F. FITZGERALD, JR.
GEORGE P. DAKMAK
STUART J. SNIDER
ROBERT A. PEURACH
JEFFREY H. BIGELMAN

GERALD F. FITZGERALD, SR.
(1902-1985)

CONFERENCE FACILITY
IN GROSSE POINTE

April 12, 2004

May Davis Group
Attn:  Owen May
14 Wall Street
Suite 1615
New York, NY 10005-2136

May Davis Group
Attn:  Kevin Davis
14 Wall Street
Suite 1615
New York, NY 10005-2136

Re:     Our File No.
        **Willard S. Holt, Jr. Estate and Trust**

Gentlemen:

When I first spoke with Owen May on March 4, 2004, he advised me that he was aware of the indebtedness, but did not feel that it was anywhere near the amount we had claimed.  He did, however, promise to send to me copies of the Group's financial statements as well as his own.  I then spoke with Kevin Davis on March 9th.  He advised me that he was never aware of any note from May Davis to Oakpoint Investments, Inc. or Dr. Willard S. Holt, Jr.; that he would not have allowed Owen May to sign a note of that nature; that he would send the May Davis Group financials to me, as well as those of Owen May, but that any action to collect the indebtedness or to assign it to other creditors would cause the termination of the May Davis Group.

That same day I spoke to Owen Davis.  This time he claimed that the note was not correct; that there was another side of the ledger; that Dr. Holt had been given more than sufficient repayment on same; and that the note itself could not be included in the corporate books.

You cannot have it both ways. There is an indebtedness which is owed to Oakpoint Investments and Dr. Holt.  I am sure we can work out an equitable settlement of same without the necessity of legal action.  However, the estate cannot ignore an indebtedness of this size.  As you are aware, I have spoken with Galt Kaufman Glaucci, CPAs, and Kempisty & Co., CPAs, relative to the absence of said note from the 2001 and 2002 annual audit reports of the SEC.  I have hesitated to get back to them.  However, unless this matter is resolved, we will have no choice but to proceed to collection.



PLAINTIFF'S
EXHIBIT
*B*

FITZGERALD & DAKMAK, P.C.

Please let me hear from you upon receipt of this correspondence.

Yours very truly,

FITZGERALD & DAKMAK, P.C.

Gerald F. Fitzgerald, Jr.

GFF:cd



## May Davis Group

April 21, 2004

Gerald F. Fitzgerald, Jr.
Fitzgerald & Dakmak, P.C.
615 Griswold, Suite 600
Detroit, MI 48226

Dear Mr. Fitzgerald:

I am in receipt of your letter dated April 12, 2004 addressed to Mr. Owen May and Mr. Kevin Davis of The May Davis Group .

At this time the partners are out of town on business. However, as soon as they return I shall pass your letter on to them.

I apologize for the delay in reply. I have been out on holiday and just returned today.

Sincerely,

Barbara Zingalli
Secretary to Mr. May

### INVESTMENT BANKERS

14 WALL STREET, SUITE 1615 • NEW YORK, NY 10005
(212) 871-9680 • FAX: (212) 871-9651

72330

Edmunds/ RSW

JS 44 11/99   **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: Oakland

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

Oak Point Investments, Inc.

**04 - 72330**

**DEFENDANTS**

May, Davis Group, Inc. and Owen May, jointly & severally

NANCY G. EDMUNDS

(b) County of Residence of First Listed   Oakland   26125

County of Residence of First Listed   New York

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number)

Fitzgerald & Dakmak, P.C., Gerald F. Fitzgerald, Jr.
615 Griswold, Ste. 600 Ford Bldg.
Detroit. MI 48226   (313) 964-0800/964-0581

Attorneys (If Known)

MAGISTRATE JUDGE R. STEVEN WHALEN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21: 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [X] 140 Negotiable Instrument | **PERSONAL INJURY** | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of Overpayment and Enforcement of Judgment | [ ] 362 Personal Injury- Med. Malpractice | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| | [ ] 365 Personal Injry - Product Liability | | | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 320 Assault Libel And Slander | [ ] 650 Airline Regs. | [ ] 820 Copyrights | |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 330 Federal Employers' Liability | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Secu rities/Com mod ities/ Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 340 Marine | **PERSONAL PROPERTY** | | [ ] 875 Customer Challenge 12 LISC 3410 |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 891 Agricultural Acts |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | | |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1 395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| | | | | [ ] 865 RSI (405(g)) | |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action on Promissory Note

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

$DEMAND
558,182.23

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes   [X] No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   6/21/04

SIGNATURE OF ATTORNEY OF RECORD   X _Gerald J. Fitzgerald_

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously discontinued or dismissed? ☐ YES ☒ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ YES ☒ NO

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes: